**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOSE ROMULO RIVEROS LAMUS,

    Petitioner,

    v.

TODD BLANCHE, *in his capacity as
Acting Attorney General of the United
States*, et al.,

    Respondents.

Case No. 1:26-CV-522

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the petition for habeas corpus, pursuant to 28 U.S.C. § 2241, filed by Petitioner Jose Romulo Riveros Lamus. (Doc. 1). Respondents have filed a return and response in opposition. (Doc. 4).

Petitioner, a citizen of Venezuela, entered the United States with his wife and daughter in August 2016 under a B-2 nonimmigrant visa. In March 2017, Petitioner applied for asylum and was granted permission to remain lawfully in the country until his application is decided. (Doc. 1, PageID 35). Since that time, Petitioner moved to Columbus, Ohio, obtained long-term gainful employment, purchased a home, and had another child. The record reflects that Petitioner's asylum application has yet to be adjudicated.

In March 2026, Petitioner drove his younger child to a family member's home before work and was subsequently stopped by Immigration and Customs Enforcement ("ICE") agents. (*Id.*, PageID 10). Respondents assert that "Petitioner was taken into custody as part of a targeted enforcement operation," (Doc. 4, PageID

1

85), while Petitioner claims that Respondents did not believe his stated reason for being in the area and arrested him without cause, (Doc. 1, PageID 10). Respondents then initiated removal proceedings, alleging that Petitioner "remained in the United States beyond 12/20/2025, without authorization from . . . the Department of Homeland Security." (*Id.*, PageID 64). He remains in detention at the Butler County Jail on behalf of federal immigration authorities.

Following Petitioner's request for a custody redetermination hearing, an Immigration Judge denied release in a one-sentence order stating that "[t]he Court finds Respondent to be a flight risk." (*Id.*, PageID 37). The instant petition followed, with Petitioner arguing that his ongoing detention without a constitutionally adequate bond hearing violates both the Fifth Amendment and the Immigration and Nationality Act of 1952. Respondents concede that the Sixth Circuit's opinion in *Lopez-Campos v. Raycraft*, No. 25-1965, ___ F.4th ___, 2026 U.S. App. LEXIS 13519 (6th Cir. May 11, 2026) is controlling, but argue that this petition is moot because Petitioner has already received the remedy requested. Alternatively,

"In the context of an immigration bond hearing, district courts have jurisdiction to review [an] Immigration Judge's discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F.Supp.3d 669, 676 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar*, 362 F.Supp.3d 762 772-73 (N.D. Cal. 2019)); *see Hechavarria v. Whitaker*, 368 F.Supp.3d 227, 240 (W.D.N.Y. 2019) (explaining that "a challenge may be based on the contention that the decisionmaker erred because the evidence itself could not—

as a matter of law—have supported the adjudicator's position," or "it may be clear from the adjudicator's opinion itself that he simply did not apply the correct standard to the facts."). Because that is the case here, and because federal courts possess continuing jurisdiction to enforce grants of habeas relief, *see Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010), the Court is satisfied of its own jurisdiction and the live nature of the petition.[1]

Based upon the available record and the order of the IJ, Petitioner's custody redetermination proceedings fell "woefully short of constitutional adequacy." *Diallo v. Raycraft*, No. 1:26-CV-423, ___ F.Supp.3d ___, 2026 U.S. Dist. LEXIS 118446, at *4 (S.D. Ohio May 18, 2026). Although Respondents characterizes Petitioner as arguing "with no supporting evidence, that [the IJ's order] contains an 'inexplicable, unsupportable conclusion that he is a flight risk,'" (Doc. 4, PageID 86), neither the IJ's order nor Respondents' briefs contain any evidence that could be used to show a risk of flight by clear and convincing evidence.

"A presumption of regularity is inapplicable if the proceedings, on their face, clearly reflect that DHS did not bear the appropriate burden of persuasion or that the IJ did not meaningfully considered less restrictive alternatives to detention." *Diallo*, 2026 U.S. Dist. LEXIS 118446, at *6. Accordingly, **IT IS ORDERED** that, on or before June 12, 2026, at 5:00 p.m. EDT, Respondents **shall** either release Petitioner

---

[1] As it has in a number of cases, the Court declines to impose a prudential exhaustion requirement here, "both as a matter of 'sound judicial discretion'" and in light of the "substantial constitutional question" presented by the petition. *Garcia Gonzales v. Raycraft*, No. 1:26-CV-112, 2026 U.S. Dist. LEXIS 35094, at *4 (S.D. Ohio Feb. 20, 2026) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) and *Lopez v. Barr*, 458 F.Supp.3d 171, 176 (W.D.N.Y. 2020)).

from custody *or* provide Petitioner with a constitutionally adequate bond hearing before an IJ. In the event of the latter:

**(1)** Respondents **shall** provide a copy of this order to the IJ prior to any hearing;

**(2)** the IJ **shall** have jurisdiction over the matter and be empowered to grant release. *See Lopez-Campos*, 2026 U.S. App. LEXIS 13519, at *37-38;

**(3)** Respondents **shall** *bear the burden of persuasion* of justifying Petitioner's continued detention by adducing *clear and convincing evidence* on the record that Petitioner is either a flight risk or a danger to the community;

**(4)** the IJ **shall** consider the evidence submitted by Petitioner, carefully weigh the nine relevant factors from *Matter of Guerra*, 24 I.&N. Dec. 37, 50 (B.I.A. 2006), and clearly explain all legal and factual conclusions; and

**(5)** the IJ **shall** meaningfully consider, *and explain*, the suitability of less restrictive alternatives to detention (such as release on recognizance), or if setting a monetary bond, Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 U.S. Dist. LEXIS 204541, at *20 (S.D.N.Y. Oct. 16, 2025).

**IT IS FURTHER ORDERED** that Respondents **shall** file a status report on or before June 15, 2026, to certify compliance with the Court's ruling. The certification shall note whether and when a bond hearing was held, whether bond was granted or denied, and the reasons therefore.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge

4